# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN (DETROIT)

In re:

EXIGENT LANDSCAPING, LLC,            Case No. 23-46912-tjt
                                                           Chapter 7 case
                     Debtor.                   Hon. Thomas J. Tucker
_____/

## CATERPILLAR FINANCIAL SERVICES CORPORATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Caterpillar Financial Services Corporation ("CAT Financial"), by and through its attorneys, Dickinson Wright PLLC, moves pursuant to Section 362(d) of the Bankruptcy Code for relief from the automatic stay, and for its motion states as follows:

1. Debtor Exigent Landscaping, LLC ("Debtor") commenced this case by filing a Petition seeking relief under Chapter 11 of the Bankruptcy Code on August 7, 2023 (the "Petition Date").

2. On February 12, 2024, this Court issued an order converting this case from a Chapter 11 to a Chapter 7 bankruptcy proceeding.

3. Prior to the Petition Date, and beginning on December 20, 2018 and continuing through May 19, 2022, Exigent entered into eight (8) separate Installment Sales Contracts (see **Exhibit A**) with CAT Financial for the purchase and finance of the following equipment (collectively, the "Equipment"):

    a. Caterpillar 301.4c Hydraulic Excavator, s/n LJ300158;

    b. Caterpillar 303.5E2CR Hydraulic Excavator, s/n JWY05320;

    c. Caterpillar 308E2CR5B Hydraulic Excavator, s/n FJX01882;

    d. Caterpillar 301.7-05CR Hydraulic Excavator, s/n JH705870;

    e. Caterpillar 279D3 Compact Track Loader, s/n RB904128;

f.  Caterpillar 299D3 Compact Track Loader, s/n DY907027;

g.  Caterpillar 279D3 Compact Track Loader, s/n RB904130; and,

h.  Caterpillar 279D3 Compact Track Loader, s/n RB904190.

4.  Each Installment Sales Contract was assigned to CAT Financial (see **Exhibit B**). CAT Financial has a valid and perfected purchase money security interest in the Equipment (see **Exhibit C**).

5.  On February 8, 2024, this Court entered an order granting CAT Financial relief from the automatic stay and directing the Debtor to surrender the following two pieces of the Equipment (see **Exhibit D**):

a.  301.7-05CR Hydraulic Excavator, s/n JH705870 (the "Excavator"); and,

b.  279D3 Compact Track Loader, s/n RB904130 (the "Track Loader").

6.  The Excavator and Track Loader still remain in Debtor's possession and CAT Financial is in the process of reclaiming these two piece of collateral from the Debtor.

7.  As of the date of this motion, the following six pieces of the Equipment also remain in the Debtor's possession (the "Remaining Equipment"):

a.  Caterpillar 301.4c Hydraulic Excavator, s/n LJ300158;

b.  Caterpillar 303.5E2CR Hydraulic Excavator, s/n JWY05320;

c.  Caterpillar 308E2CR5B Hydraulic Excavator, s/n FJX01882

d.  Caterpillar 279D3 Compact Track Loader, s/n RB904128;

e.  Caterpillar 299D3 Compact Track Loader, s/n DY907027

f.  Caterpillar 279D3 Compact Track Loader, s/n RB904190

8.  As of the Petition Date, Exigent owed CAT Financial $295,049.96 for the Remaining Equipment, exclusive of fees and costs or attorney fees. The Remaining Equipment appears to be worth less than this amount. The total amount owed for the two pieces of the

Equipment which the Debtor already stipulated to surrender per above paragraph 5 is $112,857.32.

9. The continued use (if any) and aging of the Remaining Equipment is quickly depreciating CAT Financial's secured position. Further, the continued accrual of interest and costs is deteriorating CAT Financial's secured position. No adequate protection payments have been made to CAT Financial. In fact, Exigent has made no payments to CAT Financial since the Petition Date.

10. Accordingly, cause exists in this instance to lift the automatic stay pursuant to Section 362(d)(1) of the Bankruptcy Code so that CAT Financial may exercise its rights with respect to the Remaining Equipment.

11. Further, because there appears to be little or no equity in the Remaining Equipment and the Remaining Equipment is not necessary for an effective reorganization, CAT Financial is entitled to relief from the automatic stay pursuant to Section 362(d)(2) of the Bankruptcy Code.

WHEREFORE, CAT Financial respectfully requests that this Court enter an Order (**Exhibit 1**) lifting the automatic stay so that CAT Financial may exercise its remedies with respect to the Remaining Equipment.

DICKINSON WRIGHT PLLC

By: /s/ Jason Z. Brainer
James A. Plemmons (P42982)
Jason Z. Brainer (P69653)
Attorneys for Caterpillar Financial Services Corporation
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500
jplemmons@dickinsonwright.com
jbrainer@dickinsonwright.com

Dated: 02/21/2024

4878-7540-7525 v1 [22049-561]