# Exhibit 3
# Brief in Support of Motion

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN (DETROIT)**

In re:

EXIGENT LANDSCAPING, LLC,  Case No. 23-46912-tjt
  Chapter 7 case
  Debtor.  Hon. Thomas J. Tucker
_____/

## CATERPILLAR FINANCIAL SERVICES CORPORATION'S BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Caterpillar Financial Services Corporation ("CAT Financial") submits this Brief in Support of its Motion for Relief From the Automatic Stay (the "Motion").

## SUMMARY OF FACTS

Debtor Exigent Landscaping, LLC ("Debtor") commenced this case by filing a Petition seeking relief under Chapter 11 of the Bankruptcy Code on August 7, 2023 (the "Petition Date"). On February 12, 2024, this Court issued an order converting this case from a Chapter 11 to a Chapter 7 bankruptcy proceeding. Prior to the Petition Date, and beginning on December 20, 2018 and continuing through May 19, 2022, Exigent entered into eight (8) separate Installment Sales Contracts (see **Exhibit A**, the "Agreements") with CAT Financial for the purchase and finance of the equipment listed below (the "Equipment"):

    a.    Caterpillar 301.4c Hydraulic Excavator, s/n LJ300158;

    b.    Caterpillar 303.5E2CR Hydraulic Excavator, s/n JWY05320;

    c.    Caterpillar 308E2CR5B Hydraulic Excavator, s/n FJX01882;

    d.    Caterpillar 301.7-05CR Hydraulic Excavator, s/n JH705870;

    e.    Caterpillar 279D3 Compact Track Loader, s/n RB904128;

    f.    Caterpillar 299D3 Compact Track Loader, s/n DY907027;

g. Caterpillar 279D3 Compact Track Loader, s/n RB904130; and,

h. Caterpillar 279D3 Compact Track Loader, s/n RB904190.

Each Installment Sales Contract was assigned to CAT Financial (see **Exhibit B**). CAT Financial has a valid and perfected purchase money security interest in the Equipment (see **Exhibit C**). On February 8, 2024, this Court entered an order granting CAT Financial relief from the automatic stay and directing the Debtor to surrender the following two pieces of the Equipment (see **Exhibit D**):

a. 301.7-05CR Hydraulic Excavator, s/n JH705870 (the "Excavator"); and,

b. 279D3 Compact Track Loader, s/n RB904130 (the "Track Loader").

The Excavator and Track Loader still remain in Debtor's possession and CAT Financial is in the process of reclaiming these two pieces of equipment from the Debtor.

Upon information and belief, the other six (6) pieces of the Equipment (the "Remaining Equipment") remain in the possession of the Debtor. Upon information and belief, Debtor continues to use the Remaining Equipment. Debtor is in default of its obligations with regard to the Agreements with CAT Financial. The current debt owed to CAT Financial for the Remaining Equipment is $295,049.96. The estimated value of the Remaining Equipment appears to be worth less than this amount. The amount owed for the Excavator and Track Loader, which Debtor is in the process of surrendering to CAT Financial, is $112,857.32.

Accordingly, cause exists in this instance to lift the automatic stay pursuant to Section 362(d)(1) of the Bankruptcy Code so that CAT Financial may exercise its rights with respect to the Remaining Equipment. Further, because there appears to be little or no equity in the Remaining Equipment and the Remaining Equipment is not necessary for an effective reorganization, CAT Financial is entitled to relief from the automatic stay pursuant to Section 362(d)(2) of the Bankruptcy Code

## ARGUMENT

A. <u>Section 362(d)(1) of the Bankruptcy Code</u>

CAT Financial is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) because, upon information and belief, Debtor has continued to use the Remaining Equipment, thereby lowering its value and causing a deterioration of CAT Financial's secured position. Specifically, § 362(d)(1) of the Bankruptcy Code provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsequent section (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) For cause, <u>including the lack of adequate protection</u> of an interest in property of such party in interest[.]
> (emphasis added).

Despite the fact that Debtor continues to use the Remaining Equipment post-petition, Debtor has failed to adequately protect CAT Financial in any manner. Debtor has failed to provide CAT Financial with periodic cash payments that reflect the continued depreciation of the Remaining Equipment.

A secured creditor retains the right to have the value of its collateral maintained at all times. Once a creditor establishes that the value of collateral is declining, the debtor is responsible for refuting this assertion or proving that there are sufficient protections in place to guard against it. <u>In re Evans Coal Corp</u>., 485 B.R. 162, 168 (Bankr.E.D.Tenn. 2013). The law is absolutely clear that the continued aging, use and deterioration of collateral in which a secured party has an interest entitles that secured party to adequate protection such as periodic payments. <u>See</u>, <u>In re Planned Systems, Inc.</u>, 78 B.R. 852, 863 (Bankr.S.D.Ohio 1987); <u>In re Evans Coal</u>

Corp. at 168; Barclays Bank of New York, N.A. v. Saypol (In re Saypol), 31 B.R. 796, 799-802 (Bankr.S.D.N.Y. 1983); As stated by one court:

> "A secured creditor is entitled to receive adequate protection from the debtor if the value of the collateral securing the allowed secured claim diminishes from the date the debtor files his petition to an amount less than the amount of his secured claim. Further, when the debtor continues to use the collateral while the proceeding is pending, the creditor may request that it be adequately protected."
>
> Albion Production Credit Assoc. v. Langley (Matter of Langley), 30 B.R. 595, 601-602 (Bankr. N.D. Ind. 1983).

Under the Bankruptcy Code, a debtor can provide adequate protection in a variety of forms. 11 U.S.C. § 361 defines adequate protection and states in pertinent part:

When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by –

(1) Requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property[.]

Hence, periodic payment is one of the three methods used to provide adequate protection for a creditor. In fact, in cases such as the instant one where, due to the effect of the automatic stay, the debtor is allowed to continue to use the property, thereby leading to its accelerated depreciation, courts have found that periodic cash payments are the preferred method of protecting the secured party's position. DeFranco v. Ralph D. Kaiser Co., Inc. (In re DeFranco), 93 B.R. 307, 309 (Bankr.D.D.C. 1988).

In support, in In re Planned Systems, Inc., 78 B.R. 852, 854 (Bankr.S.D.Ohio 1987), a creditor sold all of its assets to the debtor. The debtor gave the creditor a lump sum partial

payment and a promissory note for the remaining balance. The creditor secured the payment on the promissory note with a security interest in all of the equipment that the creditor had sold to the debtor, including various trucks and tractors. Id. at 855. Ultimately, the debtor was unable to satisfy the balance under the promissory note and eventually filed for Chapter 11 protection. Yet, because of the protection of the automatic stay, the debtor continued to use all of the trucks, tractors, and mowers, in which the creditor had a security interest. The creditor moved for relief from the automatic stay, arguing that the aging and debtor's continued use of the property led to a depreciation of the collateral and, ultimately, a deterioration of the creditor's secured position. The creditor also pointed out that the debtor had not provided any type of adequate protection against this depreciation in the form of cash payments representing the amount of the devaluation of the collateral. Id. at 856.

The court, ruling in favor of the creditor, stated that to make out a prima facie case for relief under the automatic stay, a creditor must establish (1) that there is a validly perfected security interest on the collateral in question; (2) that there is an amount due under the security agreement or promissory note; and (3) that there is a legally sufficient basis justifying relief. A sufficient basis for relief can include the debtor failing to make payments or the collateral decreasing in value. Id. at 861; See also In re Bushee, 319 B.R. 542, 551 (Bankr.E.D.Tenn. 2004). Most significantly, the Planned Systems court held that the creditor satisfied the burden simply because the value of the collateral was decreasing while in the hands of the debtor. Id. at 861. The court reasoned that because Congress, by enacting the automatic stay provision, believed the existence of such a decline in the value of the secured creditor's collateral to be almost decisive in determining the need for adequate protection, the creditor seeking relief from the automatic stay need only establish that the debtor has not provided the creditor with

compensation for any decrease in the value of the collateral. Specifically, the creditor in <u>Planned Systems</u> pointed out that as the debtor continued to use the trucks and other equipment, the collateral would diminish in value through regular depreciation, wear and tear. <u>Id.</u> at 863.

CAT Financial stands in an almost identical position to that of the creditor in <u>Planned Systems</u> and can satisfy the standards for a <u>prima facie</u> case for relief from the automatic stay. Debtor is in possession of the Remaining Equipment, resulting in continued depreciation. Further, Debtor has not provided periodic payments to compensate CAT Financial for the deterioration of its secured position.

In addition, 11 U.S.C. § 362(g)(2) mandates that any party opposing the Motion, has the burden of proof on all issues once CAT Financial establishes its <u>prima facie</u> case. <u>Planned Systems</u> at 863; <u>See also</u> <u>In re Evans Coal Corp.</u> at 168. The only way that Debtor, or any other party for that matter, can avoid the lifting of the stay is to prove that the Remaining Equipment is not depreciating in value. Debtor cannot make this showing, nor can any other party. In short, Debtor must offer CAT Financial the benefit of what it bargained for by providing CAT Financial with adequate protection and compensating it for the depreciation of the secured collateral. In the absence of any such protection, CAT Financial is entitled to relief from the automatic stay. <u>In re Bushee</u>, 319 B.R. 542, 552 (Bankr.E.D.Tenn. 2004) (<u>quoting</u> <u>Price v. Del. State Police Fed.. Credit Union (In re Price)</u>, 370 F.3d 362, 373 (3d Cir. 2004)); <u>In re Mary Harpley Builder, Inc.</u>, 44 B.R. 151, 156 (Bankr.N.D.Ohio 1984); <u>Provident Bank v. Taylor (Matter of Taylor)</u>, 28 B.R. 691, 694 (Bankr.S.D.Ohio 1983).

As further support for CAT Financial's position, <u>Bank of Hawaii v. Daws</u> (<u>In re Daws</u>), 13 B.R. 101 (Bankr.Haw. 1981), involved a secured creditor who had a security interest in depreciating collateral. Pre-bankruptcy, Daws executed and delivered to a bank a note and

6

23-46912-tjt    Doc 161-3    Filed 02/21/24    Entered 02/21/24 16:29:20    Page 7 of 10

security agreement which was secured by three vehicles. Subsequently, Daws filed a petition seeking the protection of the Bankruptcy Code. The court found that the value of the vehicles had decreased and continued to decrease. As a result, the court held that the secured creditor was entitled to adequate protection. However, because the debtor could not make adequate protection payments, the secured creditor was granted relief from the automatic stay.

Therefore, as supported by <u>Planned Systems</u> and <u>Daws</u>, as well as the other above-cited cases, CAT Financial is entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(1) unless Debtor adequately protects CAT Financial from the persistent depreciation of the Remaining Equipment through aging and continued use.

B. <u>Section 362(d)(2) of the Bankruptcy Code</u>

Section 362(d)(2) of the Code also provides that the Court shall grant relief from the stay of an action against property if the debtor has no equity in the property and the property is not necessary to an effective reorganization.

Pursuant to Section 362(g) of the Code, CAT Financial, as the party requesting relief from the stay, has the burden of proof on the absence of Debtor's equity in the Remaining Equipment and Debtor has the burden of proof on all other issues, including their ability to effectively reorganize. <u>See</u> 11 U.S.C. § 362(g); <u>United Savings Assoc. of Texas v. Timbers of Inwood Forest Assocs. Ltd.</u>, 484 U.S. 365, 375 (1988). For purposes of determining whether relief from the stay should be granted, "equity" is defined as the difference between the value of the property and all encumbrances upon it. <u>Stewart v. Gurley</u>, 745 F.2d 1194, 1195 (9th Cir. 1984). CAT Financial, if necessary, will prove at the hearing on the Motion that the value of the Remaining Equipment as of the Petition Date was approximately the amount of the debt. Since then, the Remaining Equipment has continued to depreciate from continued use and age.

Under Section 362(d)(2) and 362(g)(2) of the Code, once a party seeking relief from the stay has shown that the debtor has no equity in the relevant property, the debtor must establish that the property is necessary to an effective reorganization. However, "it does not follow that because the property is indispensable to the debtor's survival that the property is essential to an 'effective reorganization'." In re Hutton-Johnson Co., 6 B.R. 855, 860 (Bankr.S.D.N.Y. 1980); See also Chrysler LLC v. Plastech Engineered Prods. (In re Plastech Engineered Prods.), 382 B.R. 90, 109. (Bankr.E.D.Mich. 2008).

In Timbers, supra, the Supreme Court emphasized the role of Section 362(d)(2) in assuring the efficient administration of bankruptcy cases. The Court specifically recognized the problem of "inordinate and extortionate delay"[1] faced by undersecured creditor's remedy to avoid such delay is under Section 362(d)(2) of the Code and stated:

> "[I]t is the burden of the debtor to establish that the collateral at issue is 'necessary to an effective reorganization'. See § 362(g). What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization that is in prospect. This means, as many lower courts, including the en banc court in this case, have properly said, that there must be 'a reasonable possibility of a successful reorganization within a reasonable time'."

Timbers at 376 (emphasis in original); See also In re Plastech Engineered Prods. at 109.

Indeed, the opinion of the Fifth Circuit, which was specifically approved by the Supreme Court, spoke even more strongly to this issue:

> "[W]hen there is no reasonable likelihood that the statutory objective of a reorganization can be realized or when the debtor unreasonably delays, then the automatic stay and other statutory provisions designed to accomplish the reorganization objective become destructive of the legitimate rights and interests of

---

[1]  484 U.S. at 375.

8
23-46912-tjt   Doc 161-3    Filed 02/21/24    Entered 02/21/24 16:29:20    Page 9 of 10

creditors, the intended beneficiaries. In that situation it is incumbent upon the bankruptcy judge to effectuate the provisions of the Bankruptcy Code for the protection of creditors… The bankruptcy judge must meet head-on his obligation to decide, fairly and impartially, the hard questions."

Timbers at 373.

Accordingly, even if Debtor needed the Remaining Equipment for an effective reorganization, that is not enough. Debtor would have to show that there is a reasonable possibility of a successful reorganization within a reasonable period of time. However, that is not relevant in this case because this is now a Chapter 7 liquidation and not a reorganization.

## **CONCLUSION**

For the reasons stated above, CAT Financial respectfully requests that this Court enter an Order lifting the automatic stay.

DICKINSON WRIGHT PLLC

By: /s/ Jason Z. Brainer
James A. Plemmons (P42892)
Jason Z. Brainer (P69653)
Attorneys for Caterpillar Financial Services Corporation
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500
jplemmons@dickinsonwright.com
jbrainer@dickinsonwright.com

Dated: 02/21/2024

4879-2868-8549 v1 [22049-561]