UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Exigent Landscaping, LLC,   Case No. 23-46912-TJT
                            Chapter 7
           Debtor.          Hon. Thomas J. Tucker
_____/

# CHAPTER 7 TRUSTEE'S MOTION TO
# REJECT COMMERCIAL LEASE

## Jurisdiction

1. Exigent Landscaping, LLC dba Exigent Design and Build ("Debtor") filed a petition for relief under Chapter 11 of the U.S. Bankruptcy Code on August 7, 2023 (Docket #1). The case was converted to a Chapter 7 on February 12, 2024 (Docket #152).

2. Chapter 7 Trustee Mark H. Shapiro ("Trustee") brings this motion under 11 U.S.C. § 365 and Fed. R. Bankr. P 6006 and 9014.

3. The Court has jurisdiction over this Chapter 7 bankruptcy case. *See* 28 U.S.C. § 1334. The case, and all related proceedings and contested matters, have been referred to this bankruptcy court for determination. *See* 28 U.S.C. §§ 157(a) and 157(b); LR 83.50 (E.D. Mich.).

4. This is a core proceeding over which this Court has authority to enter a final order. *See* 28 U.S.C. 28 U.S.C. § 157(b)(2)(A) (matters concerning

administration of the estate) and § 157(b)(2)(O) (other proceedings affecting the liquidation of assets of the estate).

## Lease Rejection

5. The Debtor is a tenant in the following commercial lease ("Lease"):

| Address | Landlord |
|---|---|
| 13246 23 Mile Rd., Parcel A & B Shelby Township, MI 48315 | 23 Mile Storage, LLC |

6. The Debtor entered into the Lease on October 1, 2022, effective October 17, 2022, with an expiration date of October 16, 2024 (Exhibit A, Lease).

7. The Lease is for a 2400 square foot building located on approximately 3 acres.

8. The Debtor ceased operating on February 12, 2024.

9. The Debtor used the Lease to conduct business as a landscaping/pool installation business.

10. Given the liquidation nature of these proceedings and the lack of an operating company, the Lease is not necessary for reorganization or a sale of a going concern business.

11. There is no perceived value in assuming and assigning the Lease.

12. Section 365(a) of the bankruptcy code provides in part that "the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).

13. Under § 365(d)(3) of the bankruptcy code, the Trustee must timely perform the obligations of the debtor under the Lease, arising from and after the order for relief, until such lease is assumed or rejected. *See* 11 U.S.C. 365(d)(3).

14. Thus, the Lease is burdensome to the estate and is of inconsequential value and benefit to the estate and should be rejected.

15. Rejection of the Lease must be accomplished by motion. *See* Fed. R. Bankr. P. 6006.

16. The Trustee seeks to exercise his rights under 11 USC § 365(a) to reject the Lease, effective upon the earlier of March 16, 2024, or the entry of an order granting this Motion.

Wherefore, the Trustee requests that this Court grant his Motion as set forth in the attached proposed order and grant such further relief as the Court deems appropriate.

Steinberg Shapiro & Clark

/s/ Tracy M. Clark (P60262)
Attorney for Chapter 7 Trustee
25925 Telegraph Rd., Suite 203
Southfield, MI 48033
(248) 352-4700
clark@steinbergshapiro.com

Date: February 29, 2024

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Exigent Landscaping, LLC,   Case No. 23-46912-TJT
                            Chapter 7
           Debtor.          Hon. Thomas J. Tucker
_____/

**ORDER REJECTING COMMERCIAL LEASE**

This matter is before the Court on the Chapter 7 Trustee's Motion to Reject Commercial Lease (the "Motion"). Notice of the Motion was served on the landlord and no objections were timely filed.

IT IS ORDERED that, pursuant to 11 U.S.C. § 365(a) and to the extent not previously terminated by operation of law or otherwise, the following lease is rejected effective as of the earlier of March 16, 2024, or the entry of this Order:

| Address | Landlord |
| --- | --- |
| 13246 23 Mile Rd., Parcel A&B Shelby Township, MI 48315 | 23 Mile Storage, LLC |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

| | |
|---|---|
| Exigent Landscaping, LLC, xx-xxx5176 | Case No. 23-46912-TJT |
| dba Exigent Design and Build | Chapter 7 |
| 13246 23 Mile Road | Hon. Thomas J. Tucker |
| Shelby Township, MI 48315 | |
| Debtor. | |
| _____/ | |

### NOTICE OF CHAPTER 7 TRUSTEE'S
### MOTION TO REJECT COMMERCIAL LEASE

Chapter 7 Trustee Mark H. Shapiro filed a motion to reject the following commercial lease: 13246 23 Mile Rd., Parcel A&B, Shelby Township, Michigan (Landlord: 23 Mile Storage, LLC).

**Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the Trustee's motion, or if you want the Court to consider your views on the motion, then within 14 days from the date of service of this notice, you or your attorney must:

File with the Court a written objection or request for hearing, explaining your position at:[1]

    U.S. Bankruptcy Court
    211 West Fort Street
    Detroit, Michigan 48226

If you mail your objection or request for hearing to the Court for filing, you must mail it early enough so the Court will **receive** it before the 14-day period expires. All attorneys are required to file pleadings electronically.

---

[1] Objection or request for hearing must comply with F. R. Civ. P. 8(b), (c), and (e).

You must also send a copy to:

    Tracy M. Clark, Esq.
    Steinberg Shapiro & Clark
    25925 Telegraph Rd., Suite 203
    Southfield, Michigan 48033

If an objection or request for hearing is timely filed, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of the hearing.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

                                              Steinberg Shapiro & Clark

                                              /s/ Tracy M. Clark (P60262)
                                              Attorney for Trustee
                                              25925 Telegraph Rd., Suite 203
                                              Southfield, MI 48033
                                              (248) 352-4700
                                              clark@steinbergshapiro.com

Date:  February 29, 2024

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Exigent Landscaping, LLC,   Case No. 23-46912-TJT
                            Chapter 7
            Debtor.          Hon. Thomas J. Tucker
_____/

**CERTIFICATE OF SERVICE**

I certify that on February 29, 2024, I electronically filed *Chapter 7 Trustee's Motion to Reject Commercial Lease*; *Notice*; and this *Certificate of Service* with the Clerk of the Court using the ECF system which will send notification of such filing to all parties required to receive service.

/s/ Christine T. Leach, Legal Assistant
Steinberg Shapiro & Clark
Attorneys for Trustee
25925 Telegraph Rd., Suite 203
Southfield, MI 48033
(248) 352-4700
cleach@steinbergshapiro.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Exigent Landscaping, LLC,             Case No. 23-46912-TJT
                                                 Chapter 7
               Debtor.                     Hon. Thomas J. Tucker
_____/

## EXHIBIT LIST

| Exhibit | Description |
|---------|-------------|
| A | Commercial Lease |

# EXHIBIT A

Commercial Lease

# COMMERCIAL LEASE

This Lease Agreement (this "Lease") is dated as of October 01, 2022, by and between 23 Mile Storage, LLC ("Landlord"), and Exigent Design & Build, LLC ("Tenant"). The parties agree as follows:

**PREMISES.** Landlord, in consideration of the lease payments provided in this Lease, leases to Tenant a 2400 square foot building located on approximately 3 acres (Parcel A&B) of the property address as depicted in Figure 1 (the "Premises") located at 13246 23 Mile Rd, Parcel A&B, Shelby Twp, MI 48315.

**TERM.** The lease term will begin on October 17, 2022 and will terminate on October 16, 2024.

**LEASE PAYMENTS.** Tenant shall pay to Landlord monthly installments of $4,250.00 +NNN, payable in advance on the first day of each month. Lease payments shall be made to the Landlord at 13246 23 Mile Rd, Shelby Twp, Michigan 48315. The payment address may be changed from time to time by the Landlord.

**SECURITY DEPOSIT.** At the time of the signing of this Lease, Tenant shall pay to Landlord, in trust, a security deposit of $6,000.00 to be held and disbursed for Tenant damages to the Premises (if any) as provided by law.

**POSSESSION.** Tenant shall be entitled to possession on the first day of the term of this Lease, and shall yield possession to Landlord on the last day of the term of this Lease, unless otherwise agreed by both parties in writing. At the expiration of the term, Tenant shall remove its goods and effects and peaceably yield up the Premises to Landlord in as good a condition as when delivered to Tenant, ordinary wear and tear excepted.

**USE OF PREMISES.** Tenant may use the Premises only for operating as a landscaping / pool installation business. Any leasehold improvements are at the expense of the tenant and must be approved by the Landlord prior to commencing any modifications to the building or property. The Premises may be used for any other purpose only with the prior written consent of Landlord, which shall not be unreasonably withheld. Tenant shall notify Landlord of any anticipated extended absence from the Premises not later than the first day of the extended absence.

**EXCLUSIVITY.** Landlord shall not directly or indirectly, through any employee, agent, or otherwise, lease any space within the property (except the Premises herein described), or permit the use or occupancy of any such space whose primary business activity is in, or may result in, competition with the Tenants primary business activity. The Landlord hereby gives the Tenant the exclusive right to conduct their primary business activity on the property.

**PARKING.** Tenant shall be entitled to use additional parking space(s) for the parking of the Tenant's customers'/guests' motor vehicle(s) just outside of Parcel B into the beginning of Parcel A as depicted in Figure 1. At no time can there be any vehicles/storage parked in the very front of Parcel A at 23 Mile Rd and the driveway must always be free and clear of any obstruction at all times.

**STORAGE.** Tenant shall be entitled to store items of personal property in the 3 acres of the property (Parcel A&B) as depicted in Figure 1 and anything stored must adhere to local ordinances. All maintenance to building and entire 3 acres (See MAINTENANCE) is the responsibility of the tenant during the term of this Lease. Landlord shall not be liable for loss of, or damage to, such stored items.

**PROPERTY INSURANCE.** Tenant shall maintain casualty insurance on the Premises in an amount not less than $1,000,000.00. Landlord shall be named as an additional insured in such policies. Tenant shall deliver appropriate evidence to Landlord as proof that adequate insurance is in force issued by companies reasonably satisfactory to Landlord. Landlord shall receive advance written notice from the insurer prior to

any termination of such insurance policies. Tenant shall also maintain any other insurance which Landlord may reasonably require for the protection of Landlord's interest in the Premises. Tenant is responsible for maintaining casualty tjt insurance on its own property.

**LIABILITY INSURANCE.** Tenant shall maintain liability insurance on the Premises in a total aggregate sum of at least $2,000,000.00. Tenant shall deliver appropriate evidence to Landlord as proof that adequate insurance is in force issued by companies reasonably satisfactory to Landlord. Landlord shall receive advance written notice from the insurer prior to any termination of such insurance policies.

**MAINTENANCE.** Tenant shall have the responsibility to maintain the Premises in good repair at all times during the term of this Lease. Tenant is also responsible for the basic lawn service and snow removal of the front Parcel A, specifically the driveway path leading to Parcel B.

**UTILITIES AND SERVICES.** Tenant shall be responsible for all utilities and services incurred in connection with the Premises.

**TAXES.** Taxes attributable to the Premises or the use of the Premises shall be allocated as follows:

> REAL ESTATE TAXES. Tenant shall pay all real estate taxes and assessments which are assessed against the Premises during the time of this Lease.
>
> PERSONAL TAXES. Tenant shall pay all personal taxes and any other charges which may be levied against the Premises and which are attributable to Tenant's use of the Premises, along with all sales and /or use taxes (if any) that may be due in connection with lease payments.

**DEFAULTS.** Tenant shall be in default of this Lease if Tenant fails to fulfill any lease obligation or term by which Tenant is bound. Subject to any governing provisions of law to the contrary, if Tenant fails to cure any financial obligation within 5 days (or any other obligation within 10 days) after written notice of such default is provided by Landlord to Tenant, Landlord may take possession of the Premises without further notice (to the extent permitted by law), and without prejudicing Landlord's rights to damages. In the alternative, Landlord may elect to cure any default and the cost of such action shall be added to Tenant's financial obligations under this Lease. Tenant shall pay all costs, damages, and expenses (including reasonable attorney fees and expenses) suffered by Landlord by reason of Tenant's defaults. All sums of money or charges required to be paid by Tenant under this Lease shall be additional rent, whether or not such sums or charges are designated as "additional rent". The rights provided by this paragraph are cumulative in nature and are in addition to any other rights afforded by law.

**LATE PAYMENTS.** For each payment that is not paid within 5 days after its due date, Tenant shall pay a late fee of $50.00 per day, beginning with the day after the due date.

**CUMULATIVE RIGHTS.** The rights of the parties under this Lease are cumulative, and shall not be construed as exclusive unless otherwise required by law.

**NON-SUFFICIENT FUNDS.** Tenant shall be charged $50.00 for each check that is returned to Landlord for lack of sufficient funds.

**REMODELING OR STRUCTURAL IMPROVEMENTS.** Tenant shall have the obligation to conduct any construction or remodeling (at Tenant's expense) that may be required to use the Premises as specified above. Tenant may also construct such fixtures on the Premises (at Tenant's expense) that appropriately facilitate its use for such purposes. Such construction shall be undertaken and such fixtures may be erected only with the prior written consent of the Landlord which shall not be unreasonably withheld. Tenant shall not install awnings or advertisements on any part of the Premises without Landlord's prior written consent.

At the end of the lease term, Tenant shall be entitled to remove (or at the request of Landlord shall remove) such fixtures, and shall restore the Premises to substantially the same condition of the Premises at the commencement of this Lease.

**ACCESS BY LANDLORD TO PREMISES.** Subject to Tenant's consent (which shall not be unreasonably withheld), Landlord shall have the right to enter the Premises to make inspections, provide necessary services, or show the unit to prospective buyers, mortgagees, tenants or workers. However, Landlord does not assume any liability for the care or supervision of the Premises. As provided by law, in the case of an emergency, Landlord may enter the Premises without Tenant's consent. During the last three months of this Lease, or any extension of this Lease, Landlord shall be allowed to display the usual "To Let" signs and show the Premises to prospective tenants.

**INDEMNITY REGARDING USE OF PREMISES.** To the extent permitted by law, Tenant agrees to indemnify, hold harmless, and defend Landlord from and against any and all losses, claims, liabilities, and expenses, including reasonable attorney fees, if any, which Landlord may suffer or incur in connection with Tenant's possession, use or misuse of the Premises, except Landlord's act or negligence.

**DANGEROUS MATERIALS.** Tenant shall not keep or have on the Premises any article or thing of a dangerous, flammable, or explosive character that might substantially increase the danger of fire on the Premises, or that might be considered hazardous by a responsible insurance company, unless the prior written consent of Landlord is obtained and proof of adequate insurance protection is provided by Tenant to Landlord.

**COMPLIANCE WITH REGULATIONS.** Tenant shall promptly comply with all laws, ordinances, requirements and regulations of the federal, state, county, municipal and other authorities, and the fire insurance underwriters. Also, Tenant shall be required to make alterations to the exterior of the building or alterations of a structural nature if required due to Tenant's business license compliance (if applicable).

**MECHANICS LIENS.** Neither the Tenant nor anyone claiming through the Tenant shall have the right to file mechanics liens or any other kind of lien on the Premises and the filing of this Lease constitutes notice that such liens are invalid. Further, Tenant agrees to (1) give actual advance notice to any contractors, subcontractors or suppliers of goods, labor, or services that such liens will not be valid, and (2) take whatever additional steps that are necessary in order to keep the premises free of all liens resulting from construction done by or for the Tenant.

**DISPUTE RESOLUTION.** The parties will attempt to resolve any dispute arising out of or relating to this Agreement through friendly negotiations amongst the parties. If the matter is not resolved by negotiation, the parties will resolve the dispute using the below Alternative Dispute Resolution (ADR) procedure.

Any controversies or disputes arising out of or relating to this Agreement will be submitted to mediation in accordance with any statutory rules of mediation. If mediation is not successful in resolving the entire dispute or is unavailable, any outstanding issues will be submitted to final and binding arbitration under the rules of the American Arbitration Association. The arbitrator's award will be final, and judgment may be entered upon it by any court having proper jurisdiction.

**ASSIGNABILITY/SUBLETTING.** Tenant may not assign or sublease any interest in the Premises, nor effect a change in the majority ownership of the Tenant (from the ownership existing at the inception of this lease), nor assign, mortgage or pledge this Lease, without the prior written consent of Landlord, which shall not be unreasonably withheld.

**NOTICE.** Notices under this Lease shall not be deemed valid unless given or served in writing and forwarded by mail, postage prepaid, addressed as follows:

**LANDLORD:**

23 Mile Storage, LLC
13246 23 Mile Rd
Shelby Twp, Michigan 48315

**TENANT:**

Exigent Design & Build, LLC
13246 23 Mile Rd
Shelby Twp, MI 48315



**FIGURE 1**

Such addresses may be changed from time to time by any party by providing notice as set forth above. Notices mailed in accordance with the above provisions shall be deemed received on the third day after posting.

**GOVERNING LAW.** This Lease shall be construed in accordance with the laws of the State of Michigan.

**ENTIRE AGREEMENT/AMENDMENT.** This Lease Agreement contains the entire agreement of the parties and there are no other promises, conditions, understandings or other agreements, whether oral or written, relating to the subject matter of this Lease. This Lease may be modified or amended in writing, if the writing is signed by the party obligated under the amendment.

**SEVERABILITY.** If any portion of this Lease shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Lease is invalid or unenforceable, but that by limiting such provision, it would become valid and enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

**WAIVER.** The failure of either party to enforce any provisions of this Lease shall not be construed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Lease.

**BINDING EFFECT.** The provisions of this Lease shall be binding upon and inure to the benefit of both parties and their respective legal representatives, successors and assigns.

**LANDLORD:**
**23 Mile Storage, LLC**

By: _/s/ Tommy Haji_  Date: 10/17/2022
Tommy Haji, Member

**TENANT:**
**Exigent Design & Build, LLC**

By: _/s/ Brandon Heitmann_  Date: 10/17/2022
Brandon Heitmann, Owner